**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In Re:** | **CIVIL ACTION** |
| **KIMBERLY EVERETT** | |
| | **CASE NO. 13-6443** |
| | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Richard E. Everett's ("Richard"), Independent Administrator of the Succession of Mark E. Everett ( the "Succession"), appeal from the United States Bankruptcy Court's October 16, 2013 order denying the Succession's "Objection to Claim of Exemption" filed in the Chapter 13 bankruptcy proceeding of Kimberly Everett ("Kimberly"). Considering the briefs filed by the parties, the record and the applicable law, for the reasons that follow, the Court will reverse the Bankruptcy Court's order and remand this matter to the Bankruptcy Court.

## I. Background

Kimberly Everett married Mark Everett ("Mark") on April 13, 2003.[1] The couple ultimately divorced.[2] As part of the divorce proceeding, Kimberly and Mark entered into a Consent Judgment as to the division of their property, which was recorded in the 24th Judicial District Court for the State of Louisiana on February 22, 2007.[3] The Consent Judgment provides in pertinent part:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that both parties have waived any and all rights they may have in the other party's pension, retirement, 401K or other similar accounts which may have existed prior to or during the marriage. The parties specifically hereby have waived any accounting in connection

---

[1]  Bankruptcy Rec. Doc. 32 at 35.

[2] Rec. Doc. 9-1 at 4.

[3] Bankruptcy Rec. Doc. 19-1 at 1.

with such accounts.[4]

On January 23, 2008, Mark passed away.[5] Kimberly later learned that she was the beneficiary of Mark's Ameriprise individual retirement account ("IRA").[6] Kimberly established a new IRA with the Entrust Group under the name "Kimberly Everett Inherited IRA of Mark Everett," and transferred the proceeds of the Ameriprise IRA to the Entrust Group IRA.[7] Subsequently, the Succession filed suit against Kimberly in the 24th Judicial District Court for the State of Louisiana, claiming an interest in the IRA.[8] On May 21, 2013, the Succession ultimately obtained a judgment of $245,642.32, the amount of Mark's Ameriprise IRA, against Kimberly.[9]

On July 15, 2013, Kimberly filed a petition for Chapter 13 bankruptcy.[10] She claimed the Entrust Group IRA was exempt from the bankruptcy proceeding. On September 9, 2013, the Succession filed an "Objection to Claim of Exemption."[11] On October 16, 2013, the Bankruptcy Court held a hearing on the objection.[12] The Bankruptcy Judge denied the objection, assigning the following reasons orally:

> Louisiana has opted out of the exemptions set forth in Section 522(b) and provided for its own exemptions in Louisiana Revised Statute 13:3881. Louisiana

---

[4] *Id.*

[5] Rec. Doc. 9-1 at 4.

[6] *Id.* at 5.

[7] Rec. Doc. 8 at 17–18.

[8] Bankruptcy Rec. Doc. 19-2 at 1.

[9] *Id.*

[10] Bankruptcy Rec. Doc. 1.

[11] Bankruptcy Rec. Doc. 19.

[12] Rec. Doc. 9-1.

Revised Statute 13:3881(d)(1) provides "Except as provided in Paragraph 2 of this subsection and in RS 11:292, the following shall be exempt from all liability for any debt except alimony and child support: all pensions, all tax-deferred arrangements, annuity contracts, and all proceeds of and payments under all tax-deferred arrangements and annuity contracts as defined in Paragraph 3 of the subsection."

Similarly, Louisiana Revised Statute 20:33(1) exempts from all liability for any debt except alimony and child support all pensions, tax-deferred arrangements, and annuity contracts as defined and to the same extent as prescribed in Louisiana Revised Statute 13:3881.

"Rolling over retirement funds from one account to another does not change their exempt status."[13] *Metairie Bank & Trust Co. v. Ward*, 735 So.2d 780 (La. App. 4th Cir. 1999). When funds were transferred from IRA account [sic] to another due to a community property partition they were still exempt from seizure.

. . . In this particular case the amounts that were received under the valid beneficiary agreement were from Mr. Everett's retirement account which qualifies under Louisiana Revised Statute 13:3881 and rolled over into her own IRA. So, the holding of *Metairie Bank & Trust Co. v. Ward* is on point.

I will also add that the Debtor contends that beginning in 2011 or 2012 she was required by the IRS to take minimum distributions each year, $5,371.50 in 2011, and $5,135.87 in '12. . .[14]

On October 23, 2013, the Succession filed a timely Notice of Appeal.[15] The Succession filed an appellate brief on December 18, 2013,[16] and Kimberly filed an appellate brief on January 14, 2014.[17]

## II. Issues Raised on Appeal

The Succession acknowledges that Louisiana Revised Statute 9:2449 mandates payment of IRA benefits to the named beneficiary.[18] However, the Succession contends that the estate of a

---

[13] Quotation marks found in transcript.

[14] Rec. Doc. 9-1 at 17–19.

[15] Bankruptcy Rec. Doc. 36.

[16] Rec. Doc. 5.

[17] Rec. Doc. 8.

[18] Rec. Doc. 5 at 9.

deceased spouse can sue the surviving ex-spouse to obtain the benefits after their distribution.[19] The Succession cites *Estate of Kensinger v. URL Pharma, Inc.*, arguing that the United States Court of Appeals for the Third Circuit decision supports its contention that the Succession is "entitled to enforce the Consent Judgment, which divested Kimberly's interest in Mark's retirement account(s)."[20]

The Succession also argues that there is a standard of good faith for the commencement, prosecution and confirmation of bankruptcy proceedings.[21] The Succession contends that Louisiana Bankruptcy Courts have denied bad faith claims of exemption.[22] The Succession asserts that Kimberly transferred all of her interest in the IRA to Mark as part of their property settlement in divorce.[23] The Succession quotes Louisiana Civil Code Article 2299, which provides: "A person who has received a payment of a thing not owed to him is bound to restore it to the person from whom he received it."[24] The Succession contends that property of a bankruptcy estate includes all property in which a debtor has a legal or equitable interest at the commencement of a bankruptcy.[25] The Succession argues that Kimberly seeks to claim an exemption as to property that is not hers or part of the bankruptcy estate.[26] The Succession contends that Kimberly is a bad faith possessor of

---

[19] *Id.* at 9–10.

[20] *Id.* at 9–15 (citing 674 F.3d 131 (3rd Cir. 2012)).

[21] *Id.* at 15.

[22] *Id.* at 17 (citing *Ward v. Turner*, 150 B.R. 378 (Bkrtcy. E. D. La 1993), opinion after remand 176 B.R. 424).

[23] *Id.*

[24] *Id.*

[25] *Id.* at 17–18 (citing 11 U.S.C. § 541(a)).

[26] *Id.* at 18.

another's property.[27]

The Succession argues that the Bankruptcy Court's reliance on *Metairie Bank and Trust v. Ward* was in error.[28] The Succession asserts that the facts in *Metairie Bank and Trust* are distinguishable from the present case because in *Metairie Bank and Trust* "the transfer was of a portion of exempt retirement funds, jointly owned by both spouses, from a clearly exempt IRA account in joint names to a separate IRA account solely in the ex-wife's name," whereas Kimberly received proceeds she was not entitled to receive.[29] The Succession asserts that Kimberly had a duty to return the property to its rightful owner under Civil Code article 2299, and "by violating this duty Kimberly has demonstrated bad faith, compounding her bad faith by her attempt to convert the wrongfully received proceeds into exempt retirement accounts."[30]

Kimberly does not contest the Succession's argument that it is entitled to raise a cause of action against her as to her right to possess the IRA.[31] However, she argues that the Succession brought this cause of action in state court and obtained a judgment against her.[32] She contends that the judgment did not order her to turn over ownership and control over the IRA.[33] She asserts that "[t]he Succession is barred by the doctrine of res judicata and/or collateral estopple [sic] to re-

---

[27] *Id.* (citing *Canal Bank v. Hudson*, 111 U.S. 66, 81 (1884)).

[28] *Id.* at 18–19.

[29] *Id.* at 19.

[30] *Id.* at 19–20.

[31] Rec. Doc. 8 at 8.

[32] *Id.*

[33] *Id.*

litigate the ownership issue raised in the State Court Proceeding."[34]

Kimberly argues because she rolled the Ameriprise IRA over to another tax-deferred IRA, "the retirement proceeds never lost their tax deferred status and can continue to be protected as an exempt asset" under Louisiana Revised Statute § 13:2881(D).[35] She also argues that the inherited IRA is exempt from the bankruptcy estate under 11 U.S.C. § 522(b)(3)(C) and Fifth Circuit caselaw.[36] She argues that a claim of exemption is presumptively valid, and the objecting party has the burden of proving that exemptions are not properly claimed.[37] She argues "the Succession is collaterally estoppel [sic] from asserting a right to possession of the IRA by the state court money judgment and the Succession cannot attack the appropriateness of the exemption as it is barred by res judicata."[38] She contends the Succession's reliance on *Estate of Kensigner* is misplaced because the Succession exercised its right to relief when it brought the claim in state court.[39]

Kimberly contends that the Succession raised the bad faith argument for the first time on appeal.[40] She argues that she had a legal interest in the IRA at the time she filed her bankruptcy petition.[41] Accordingly, she contends there is nothing in the record to suggest that she acted in bad

---

[34] *Id.*

[35] *Id.* at 11.

[36] *Id.* at 11–12 (citing *Chilton v. Moser*, 674 F.3d 486 (5th Cir. 2012).

[37] *Id.* at 12.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 9.

[41] *Id.*

faith.[42] She states, "simply because bankruptcy law, through the use of federal and state exemptions, allows the Debtor to maintain her control and possession over the Inherited IRA, does not make the Debtor in 'bad faith.'"[43]

## III. Jurisdiction

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a)(1), which authorizes appellate review of final orders, judgments and decrees of a United States Bankruptcy Court entered consistent with 28 U.S.C. § 157.[44] In appeals from bankruptcy courts, district courts sit as an appellate court.[45]

## IV. Standard of Review

A district court reviews a bankruptcy court's conclusions of law *de novo*, findings of fact for clear error, and mixed questions of law and fact *de novo*.[46] A district court may affirm, reverse or modify a bankruptcy court's ruling, or remand the case for further proceedings.[47]

## V. Discussion

26 U.S.C. § 408(d)(3)(C)(ii) defines an inherited IRA. It provides in pertinent part:

> An individual retirement account or individual retirement annuity shall be treated as inherited if–
> > (I) the individual for whose benefit the account or annuity is maintained acquired such account by reason of the death of another

---

[42] *Id.* at 16.

[43] *Id.*

[44] 28 U.S.C. § 158(a)(1).

[45] 28 U.S.C. § 1334(b).

[46] *In re Nat'l Gypsum Co.,* 208 F.3d 498, 504 (5th Cir. 2000).

[47] Fed. R. Bankr. P. 8013.

individual, and

(II) such individual was not the surviving spouse of such other individual.

Kimberly was not married to Mark at the time she obtained ownership of the account. Further, the account is titled "Kimberly Everett Inherited IRA of Mark Everett."[48] Accordingly, the Court finds the IRA at issue in the instant case is an inherited IRA.

Property of a bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."[49] The Bankruptcy Code allows debtors to exempt certain property from property of the estate.[50] The Bankruptcy Code contains two options for identifying exempt property.[51] The first is a federal list contained in Section 522 itself.[52] The second allows, at the option of a state, the adoption of state law exemptions.[53] Louisiana has elected to utilize state law exemptions in bankruptcy cases filed by Louisiana residents.[54] Kimberly argues the inherited IRA is exempt from the bankruptcy estate under both federal and state law.

*A. Is the Inherited IRA Exempt Under Federal Law?*

Kimberly argues that the inherited IRA is exempt under 11 U.S.C. § 522(b)(3)(C), which states, "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of

---

[48] Rec. Doc. 8 at 17.

[49] 11 U.S.C. § 541(a)(1).

[50] 11 U.S.C. § 522.

[51] 11 U.S.C. § 522(b)(3)(A).

[52] 11 U.S.C. § 522(d).

[53] 11 U.S.C. § 522(b)(3)(A).

[54] LA. REV. STAT. 13:3881(B)(1).

1986." Kimberly cites *In re Chilton*, in which the United States Court of Appeals for the Fifth

Circuit held that funds in an inherited IRA constituted "retirement funds" within the meaning of the

statute providing for the exemption of retirement funds from bankruptcy estates.[55]

While the appeal this Court now considers was pending, the Supreme Court issued a decision

abrogating the Fifth Circuit's holding in *In re Chilton*.[56] The Supreme Court held that inherited IRAs

are not "retirement funds," within the meaning of 11 U.S.C. § 522(b)(3)(C).[57] The Supreme Court

found that inherited IRAs differ from traditional IRAs, noting:

> An inherited IRA is a traditional or Roth IRA that has been inherited after its
> owner's death. If the heir is the owner's spouse, as is often the case, the spouse has
> a choice: He or she may "roll over" the IRA funds into his or her own IRA, or he or
> she may keep the IRA as an inherited IRA (subject to the rules discussed below).
> When anyone other than the owner's spouse inherits the IRA, he or she may not roll
> over the funds; the only option is to hold the IRA as an inherited account.
>     Inherited IRAs do not operate like ordinary IRAs. Unlike with a traditional
> or Roth IRA, an individual may withdraw funds from an inherited IRA at any time,
> without paying a tax penalty. Indeed, the owner of an inherited IRA not only may but
> must withdraw its funds: The owner must either withdraw the entire balance in the
> account within five years of the original owner's death or take minimum
> distributions on an annual basis. And unlike with a traditional or Roth IRA, the
> owner of an inherited IRA may never make contributions to the account.[58]

The Supreme Court noted that three legal characteristics of inherited IRAs lead it to conclude that

"funds held in such accounts are not objectively set aside for the purpose of retirement."[59] "First, the

holder of an inherited IRA may never invest additional money in the account."[60] "Second, holders

---

[55] 674 F.3d at 489.

[56] *Clark v. Rameker*, 134 S.Ct. 2242 (2014).

[57] *Id.* at 2246.

[58] *Id.* at 2245 (internal citations omitted).

[59] *Id.* at 2247.

[60] *Id.*

of inherited IRAs are required to withdraw money from such accounts, no matter how many years

they may be from retirement."[61] "Finally, the holder of an inherited IRA may withdraw the entire

balance of the account at any time-and for any purpose-without penalty."[62] Accordingly, the

inherited IRA cannot be claimed as exempt from a bankruptcy estate under 11 U.S.C. §

522(b)(3)(C).

## B. Is the Inherited IRA Exempt Under State Law?

The Bankruptcy Court found that the inherited IRA was exempt from the bankruptcy estate

under Louisiana law. Louisiana law exempts "all tax-deferred arrangements" from liability for any

debt except alimony and child support.[63] Louisiana Revised Statute § 13:3881(D) also provides:

> No contribution to a tax-deferred arrangement or to an annuity contract, as defined in Paragraph 3 of this Subsection, shall be exempt if made less than one calendar year of the date of filing for bankruptcy, whether voluntary or involuntary, or the date writs of seizure are filed against the tax-deferred arrangement or annuity contract. A transfer from one tax-deferred arrangement to another or from one annuity contract to another shall not be considered a contribution for purposes of this Paragraph.
> The term "tax-deferred arrangement" includes all individual retirement accounts or individual retirement annuities of any variety or name, whether authorized now or in the future in the Internal Revenue Code of 1986, or the corresponding provisions of any future United States income tax law, including balances rolled over from any other tax- deferred arrangement as defined herein, money purchase pension plans, defined benefit plans, defined contribution plans, Keogh plans, simplified employee pension (SEP) plans, simple retirement account (SIMPLE) plans, Roth IRAs, or any other plan of any variety or name, whether authorized now or in the future in the Internal Revenue Code of 1986, or the corresponding provisions of any future United States income tax law, under which United States income tax on the tax-deferred arrangement is deferred. The term

---

[61] *Id.*

[62] *Id.*

[63] LA. REV. STAT. § 13:3881(D)(1).

"annuity contract" shall have the same definition as defined in R.S. 22:912(B).[64]

Louisiana courts have not addressed whether an inherited IRA is a "tax-deferred arrangement" within the meaning of Louisiana Revised Statute § 13:3881(D). However, a number of federal bankruptcy courts have found that inherited IRAs are not exempt from creditors under similar state statutory schemes.[65]

In *Sims*, an Oklahoma statute exempted "any interest in a retirement plan or arrangement qualified for tax exemption purposes under present or future Acts of Congress . . . only to the extent that contributions by or on behalf of a participant were not subject to federal income taxation to such participant at the time of such contributions."[66] The Bankruptcy Court concluded that the beneficiary's interest in the IRA did not qualify for exemption under that statute because the original IRA's tax exempt character changed completely when it became classified as an inherited IRA.[67] The Bankruptcy Court explained that an inherited IRA is not "a tool to defer taxation on income in order to provide for retirement; instead, the IRA is a liquid asset which may be accessed by [the beneficiary] at his discretion without penalty, and which he must take as income within a relatively short period of time without regard for his retirement needs."[68] Therefore, the Bankruptcy Court concluded, "The purpose of the . . . Legislature in exempting individual retirement accounts is to

---

[64] LA. REV. STAT. § 13:3881(D)(2)-(3).

[65] *See In re Taylor*, No. 05-93559, 2006 WL 1275400, at *2 (Bankr. C. D. Ill. May 9, 2006) (not reported in B.R.); *In re Kirchen*, 344 B.R. 908, 914 (Bankr. E. D. Wis. 2006); *In re Greenfield*, 289 B.R. 146, 150 (Bankr. S. D. Cal. 2003); *In re Sims*, 241 B.R. 467, 470 (Bankr. N. D. Okla. 1999).

[66] *Sims*, 241 B.R. at n. 2.

[67] *Id.* at 470.

[68] *Id.*

allow debtors to preserve assets which have been earmarked for retirement in the ordinary course

of the debtor's affairs. Such a purpose would not be served by upholding [the beneficiary's] request

to keep his interest in the IRA as exempt."[69]

> The Louisiana Supreme Court has stated that the "sole purpose" of its exemption laws is:
>
> [T]o protect the citizens of the state from being reduced by financial misfortune to
> absolute want, and to encourage industry and thrift and the building up of homes by
> placing beyond the reach of creditors the homestead and such tools, implements or
> appliances as a man may require to prosecute his business, whatever his walk in life
> or his occupation may be.[70]

Louisiana Bankruptcy Courts have also noted that the purpose of Louisiana Revised Statute §

13:3881 "is to provide for the subsistence, welfare, and 'fresh start' of the debtor, to the end that his

or her family will not be destitute and so that the debtor will not become a charge on the state."[71]

The inherited IRA is a liquid asset which may be accessed by Kimberly at her discretion

without penalty, and which she must take as income within a relatively short period of time without

regard for her retirement needs. Because the inherited IRA is a liquid asset rather than a retirement

fund, the Court finds the purpose of protecting Kimberly from being reduced by financial misfortune

to absolute want is not served by allowing Kimberly to claim the inherited IRA as exempt. The facts

of this case make this point particularly clear. As part of the consent judgment Kimberly and Mark

entered into during their divorce, Kimberly waived all rights to Mark's retirement accounts.[72] The

---

[69] *Id.* at 471.

[70] *Young v. Geter*, 170 So. 240, 241 (La. 1936).

[71] *In re Black*, 225 B.R. 610, 614 (Bankr. M.D. La. 1998) (citing *Ward v. Turner*, 150 B.R. 378 (E.D. La. 1993), opinion after remand, 176 B.R. 424 (E.D. La.1994); *In re Hendrick*, 45 B.R. 965 (Bankr. M.D. La. 1985); *In re Brown*, 189 B.R. 653, 660 (Bankr. M.D. La. 1995).

[72] The Supreme Court has found that such a waiver does not invoke the Employee Retirement Income Security Act's ("ERISA") anti-alienation provision. *Kennedy v. Plan Administrator*, 555 U.S. 285, 293 (2009).

Succession filed suit against Kimberly, claiming an interest in the IRA, and obtained a money judgment against Kimberly for the full value of the IRA. Kimberly then filed for bankruptcy and claimed that the inherited IRA was exempt from suit. Since Kimberly waived her rights to Mark's IRA as part of this divorce settlement, allowing her to later exempt the inherited IRA from her bankruptcy proceeding allows her to circumvent the money judgment rather than serving the purpose of the exemption statute.

In *Mexic v. Mexic*, the Louisiana First Circuit Court of Appeal addressed the issue of whether a Roth IRA was a "tax-deferred arrangement" under a prior version of Louisiana Revised Statute § 13:3881, which did not specifically include Roth IRAs in the definition of a "tax deferred arrangement."[73] The Louisiana First Circuit found that Roth IRAs were a "tax-deferred arrangement" because the statute defined the term to include "any individual retirement account" authorized by the Internal Revenue Code.[74] The court noted that as a general rule the Internal Revenue Code treats Roth IRAs "in the same manner as an individual retirement plan."[75] Unlike Roth IRAs, the Internal Revenue Code treats inherited IRAs differently from individual retirement plans because it is a liquid asset, not a retirement plan. Accordingly, the Court finds that Kimberly's inherited IRA is not an "individual retirement account" within the meaning of Louisiana Revised Statute § 13:3881.

In *Kirchen*, a Wisconsin bankruptcy court addressed the issue of whether an inherited IRA is tax-deferred.[76] The Bankruptcy Court noted that interest in an inherited IRA will grow tax

---

[73] 808 So. 2d 685 (2001)

[74] *Id.* at 693.

[75] *Id.* at 693–94 (citing 26 U.S.C. § 408A).

[76] *In re Kirchen*, 344 B.R. at 913–14.

deferred, but found "compliance with the Internal Revenue Code means more than simply allowing

a taxpayer to delay the payment of taxes on investment income until a distribution is taken."[77] The

Bankruptcy Court stated:

> Compliance with the Internal Revenue Code in the context of § 815.18(j) entitled "Retirement Benefits" requires compliance in the context of retirement. To determine whether an IRA complies with the Internal Revenue Code in this context, one must consult the Internal Revenue Code, specifically 26 U.S.C. § 408. Section 408(a) defines IRA, and provides several requirements for IRAs to qualify for special tax treatment. If an account does not satisfy each of these requirements, it will not qualify or comply with the Internal Revenue Code. Even if the account does satisfy all of the requirements, § 408(d)(3)(C) provides an exception for "inherited IRAs" that are not inherited by a surviving spouse. Entitled "Denial of rollover treatment for inherited accounts, etc." this provision changes the tax treatment for inherited IRAs and prevents rollover treatment of the funds:
>
> > (C) Denial of rollover treatment for inherited accounts, etc.
> >> (I) In general. In the case of an inherited individual retirement account or individual retirement annuity—
> >> (I) this paragraph shall not apply to any amount received by an individual from such an account or annuity (and no amount transferred from such account or annuity to another individual retirement account or annuity shall be excluded from gross income by reason of such transfer), and
> >> (II) such inherited account or annuity shall not be treated as an individual retirement account or annuity for purposes of determining whether any other amount is a rollover contribution.[78]

The Bankruptcy Court noted that the debtor was required to receive certain minimum distributions

even though he had not reached retirement age.[79] Accordingly, the Bankruptcy Court found that "[a]s

a result of this change, the Tax Code no longer afforded the account preferential tax treatment."[80]

---

[77] *Id.* at 913.

[78] *Id.* (citing 26 U.S.C. § 408(d)(3)(C)).

[79] *Id.* at 914.

[80] *Id.*

"Since the funds in the account are not payable on account of the Debtor's age, and the inherited IRA fails to comply with the Internal Revenue Code provisions for retirement accounts," the Bankruptcy Court determined that the Debtor's inherited IRA was not exempt under Wisconsin law.[81]

In the instant case, the Bankruptcy Court found that the inherited IRA was exempt from the bankruptcy estate because Kimberly "rolled over" the funds from Mark's IRA to her own IRA. The Bankruptcy Court cited *Metairie Bank & Trust Co. v. Ward*, for the proposition that rolling over retirement funds from one account to another does not change their exempt status."[82] However, as the Supreme Court noted in *Clark*, "When anyone other than the owner's spouse inherits the IRA, he or she may not roll over the funds; the only option is to hold the IRA as an inherited account."[83] Contrary to the Bankruptcy Court's findings, Kimberly did not roll the funds over to her personal IRA. Instead, she was required to create a new IRA titled "Kimberly Everett Inherited IRA of Mark Everett." Kimberly was required to take distributions from the inherited IRA even though she had not reached retirement age. As a result of this change, the Tax Code no longer afforded the account preferential tax treatment. Accordingly the Court finds that an inherited IRA is not a "tax-deferred arrangement" within the meaning of Louisiana Revised Statute § 13:3881, and is not exempt from the bankruptcy estate under Louisiana law.

---

[81] *Id.*

[82] 735 So.2d at 780.

[83] 134 S.Ct. at 2247.

## VI. Conclusion

Based on the foregoing,

**IT IS ORDERED** that United States Bankruptcy Court's October 16, 2013 order denying

the Succession's "Objection to Claim of Exemptions" is **REVERSED** and the matter is

**REMANDED** to the Bankruptcy Court.

**NEW ORLEANS, LOUISIANA**, this __29th__ day of September, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**